NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PIRAMAL HEALTHCARE UK LIMITED,  Plaintiff, | : : : : : | Civil Action No. 19-12651 (SRC) |
| v. | : : | OPINION |
| NOVARTIS PHARMACEUTICALS CORP. and NOVARTIS AG,  Defendants. | : : : : : : |  |

**CHESLER**, District Judge

This matter comes before the Court upon the renewed motion filed by Defendants Novartis Pharmaceuticals Corp. and Novartis AG (collectively, "Defendants" or "Novartis") to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Plaintiff Piramal Healthcare UK Limited ("Plaintiff" or "Piramal") opposes the motion. It is well-established that on a Rule 12(b)(1) motion, the plaintiff bears the burden to establish subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

For the reasons that follow, the Court will grant Defendants' motion to dismiss.

**I.  BACKGROUND**

As the parties are aware, this is a Hatch-Waxman action in which Piramal seeks a declaratory judgment of non-infringement as to U.S. Patent No. 9,283,209 ("the '209 Patent").

1

Previously, on October 16, 2019, the Court denied Defendants' first Rule 12(b)(1) motion to dismiss, brought on grounds that Piramal lacked injury-in-fact. The Court found that (1) the Amended Complaint set forth sufficient facts to support Piramal's claim of having sustained a blocking injury under the Hatch-Waxman Act's "failure to market" provision, 21 U.S.C. § 355(j)(5)(D)(i)(I)(bb), and (2) Defendants' position to the contrary lacked sufficient evidence to refute Piramal's prima facie demonstration of standing. Importantly, however, the Court noted that Novartis was free to bring another motion based on concrete evidence demonstrating that the factual predicate of Piramal's complained-of injury does not exist.

Before proceeding with its analysis, the Court will re-state the crux of this declaratory action briefly.[1]

Piramal alleges it is entitled under the Hatch-Waxman Act to seek a judgment of non-infringement to trigger forfeiture of the statutory exclusivity period afforded to the first ANDA filer for 180 mg strength deferasirox tablets. Under the Hatch-Waxman Act, a subsequent ANDA filer cannot receive final approval for its generic drug product until the first-filer's exclusivity period has run its course or been forfeited. 21 U.S.C. § 355(j)(5)(B)(iv). The pertinent forfeiture provision states that a first ANDA filer's 180-day exclusivity period can be forfeited if the first filer "fails to market the drug by the later of" two dates. See 21 U.S.C. § 355(j)(5)(D)(i)(I)(bb). One of these dates comes into play if a subsequent ANDA applicant files an action for non-infringement: the first applicant forfeits exclusivity if it fails to market the drug within 75 days after a court enters a final judgment of non-infringement. See 21 U.S.C. § 355(j)(5)(D)(i)(I)

---

[1] The Court writes this Opinion only for the benefit of the parties. For a detailed summary of the factual background of this action, the Court refers the parties to its October 16, 2019 Opinion.

(bb)(AA) and (BB); see also Caraco Pharm. Labs., Ltd. v. Forest Labs., Ltd., 527 F.3d 1278, 1284 (Fed. Cir. 2008) ("subsequent Paragraph IV ANDA filers can trigger the first Paragraph IV ANDA filer's 180-day exclusivity period via the court-judgment trigger."); see also Teva Pharms. USA, Inc. v. Eisai Co., 620 F.3d 1341, 1347 (Fed. Cir. 2010), vacated on procedural grounds, 426 F. App'x 904 (Fed. Cir. 2011) ("*Caraco* holds that the exclusion of non-infringing generic drugs from the market can be a judicially cognizable injury-in-fact."). It is this "failure to market" forfeiture provision that gives rise to Piramal's claim of entitlement to a judgment of non-infringement, which would remedy the complained-of blocking injury by forcing the first ANDA filer to enter the market or forfeit its exclusivity period. Apotex v. Daiichi Sankyo, Inc., 781 F.3d 1356, 1369 (Fed. Cir. 2015).[2]

## II.  DISCUSSION

Novartis now moves to dismiss pursuant to Rule 12(b)(1) on the grounds that Piramal's claim for a declaratory judgment of non-infringement, to remedy its alleged blocking injury, has become moot. The doctrine of mootness implicates the Court's power to hear a case under Article III of the Constitution, which limits the jurisdiction of federal courts to a "case" or "controversy." Rendell v. Rumsfeld, 484 F.3d 236, 240 (3d Cir. 2007). Applying this principle to a declaratory judgment action, the Supreme Court has held that the critical question is "whether the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance

---

[2] Recall that, under Caraco, a subsequent ANDA filer's blocking injury consists of the indefinite delay of its product's entry into the marketplace due to the first-filer's failure to market its product and thus initiate the 180-day exclusivity period. See Caraco, 527 F.3d at 1293-94.

3

of a declaratory judgment." MedImmune, Inc. v. Genentech, 549 U.S. 118, 127 (2007). To satisfy Article III's jurisdictional requirements, "an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." Already, LLC v. Nike, Inc., 568 U.S. 85, 90-91 (2013).

A plaintiff's claim is rendered moot "when 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" United Steel Paper and Forestry Rubber Mfg. Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Gov't of the V.I., 842 F.3d 201, 208 (3d Cir. 2016) (quoting County of L.A. v. Davis, 440 U.S. 625, 631 (1979)). "The central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." Rendell v. Rumsfeld, 484 F.3d at 240 (quoting In re Surrick, 338 F.3d 224, 230 (3d Cir. 2003). The Supreme Court has held that "[a] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Svc. Emps. Intern. Union, Local 1000, 567 U.S. 298, 307 (2012) (quotations omitted); see also Camesi v. Univ. of Pittsburgh Med. Ctr., 729 F.3d 239, 247 (3d Cir. 2013) (holding that "[a]n action is rendered moot when an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit at any point during the litigation.") (quotations omitted).

Novartis argues that Piramal's action for a declaration of non-infringement is now moot because the first ANDA filer for the 180 mg deferasirox tablets has, in fact, entered the market with its FDA-approved product. Novartis emphasizes that under the failure to market forfeiture provision, a judgment of non-infringement can trigger forfeiture of the exclusivity period only if the first ANDA filer fails to market the product. According to Novartis, Piramal's asserted

4

blocking injury is no longer redressable because the evidence indisputably demonstrates that (1) Actavis Elizabeth LLC ("Actavis") was recognized by the FDA as the first ANDA filer for 180 mg deferasirox tablets; (b) Actavis commenced commercial marketing of its 180 mg deferasirox tablets on December 17, 2019, thus initiating its 180-day exclusivity period; and (c) Piramal's ANDA is therefore not indefinitely blocked from FDA approval due to the first ANDA filer's failure to market. The first ANDA filer's exclusivity period has begun to run, and so, Novartis maintains, Piramal's claimed injury is no longer capable of remedy by the Court.

Novartis is correct. It has proffered clear evidence that the first ANDA filer for the 180 mg deferasirox product has entered the market with its product, triggering the 180-day exclusivity period afforded under the Hatch-Waxman Act. Piramal has proffered no proof which controverts this essential fact. A judgment of non-infringement can provide no redress because the exclusivity period cannot be forfeited. In light of the undisputed facts, Piramal's claim for a judgment of non-infringement of the '209 Patent is moot.

Under Caraco and its progeny, an actual controversy exists where an ANDA covering an Orange Book-listed patent cannot obtain final approval from the FDA because the first ANDA filer has failed to market its product and thus initiate its exclusivity period. Caraco, 527 F.3d at 1293-94; see also October 16, 2019 Opinion at 8-10 (discussing cases). Previously, when this action was initiated, the injury of which Piramal complained presented a live controversy between the parties. Piramal demonstrated that its subsequent ANDA was blocked from receiving FDA approval, so long as the first ANDA filer failed to exercise its exclusivity or forfeited its right to do so. Under those circumstances, a judgment of non-infringement of the

5

'209 Patent could provide Piramal a remedy because it would trigger the exclusivity period or force its forfeiture, thus clearing the way for approval of Piramal's ANDA.

Clearly, circumstances have changed. After this case was filed, and after the Court determined in its October 16, 2019 Opinion and Order that Piramal had standing to sue based on its blocking injury, the first ANDA filer for the 180 mg deferasirox tablets entered the marketplace, triggering its 180-day exclusivity period for that product. A forfeiture based on failure to market is now an impossibility. As such, even if the Court were, hypothetically, to find in Piramal's favor on the merits of this action and issue a declaration of non-infringement, the Court's ruling could not grant Piramal any effectual relief. The current facts present the quintessential circumstances of mootness.

In its opposition to this motion to dismiss for lack of subject matter jurisdiction, Piramal argues that its claim is not moot because a judgment of non-infringement would, in its view, still be capable of effecting a remedy. Specifically, Piramal contends that a judgment of non-infringement would enable it to enter the market sooner than the date that the 180-day exclusivity runs out. According to Piramal, the judgment could become final and force forfeiture 75 days later, potentially cutting short Actavis's exclusive time on the market with its product. This argument is simply baseless. Despite Piramal's attempts to project a scenario in which a judgment of non-infringement revokes the first ANDA filer's exclusivity, the statute does not support this outcome. A judgment of non-infringement can trigger forfeiture only if the first ANDA filer "fails to market the drug" by the later of various dates prescribed by the statute. As Novartis has demonstrated, uncontroverted facts establish that Actavis has already started marketing its product, making a judgment-triggered forfeiture impossible.

6

Piramal also contends that, even if the Court were to find that there is no redressable blocking injury, Piramal's claim for attorneys' fees under 35 U.S.C. § 285 preserves the Court's subject matter jurisdiction over this action. Piramal's argument posits as follows: (1) Section 285 authorizes the Court to award fees to the "prevailing party" in "exceptional cases" and (2) Piramal's claim for a judgment of non-infringement therefore remains live because a decision on that claim, albeit a nominal one, must be made to resolve the question of whether Piramal is entitled to fees as the "prevailing party." Additionally, Piramal argues, the non-infringement claim is still capable of resolving the legal relationship between Piramal and Novartis as to the '209 patent because a decision would provide certainty to Piramal regarding its exposure to an infringement action.

Piramal's alternative effort to preserve subject matter jurisdiction is completely unavailing. Section 285 is simply the Patent Act's fee-shifting provision. Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545. 545, 548-49 (2014). By its terms, it authorizes the Court to grant attorneys' fees to a prevailing party in patent litigation. Id. It does not provide an independent basis for a "case or controversy" where none otherwise exists. See, e.g., Lokai Holdings LLC v. Twin Tiger USA, LLC, 306 F. Supp. 3d 629, 645 (S.D.N.Y. 2018) (holding that Section 285 does not give rise to a separate cause of action but rather provides a remedy "in the context of an existing action or proceeding."). Piramal, unsurprisingly, sets forth no authority for its argument that a court may make a determination on a non-existing claim for relief and select a theoretical prevailing party merely for the purpose of resolving an attorneys' fee application. Piramal contends that an adjudication of rights as to patent infringement is still possible because it "would provide Piramal with absolute certainty" (Pl. Br. at 11), but this

7

argument lacks merit. The Court must reiterate, as set forth in the October 16, 2019 Opinion, that Novartis has given Piramal a covenant not to sue to enforce the '209 Patent. Generally, such a covenant divests a court of Article III jurisdiction in the context of a declaratory judgment action for patent non-infringement, as it extinguishes a substantial, concrete, and immediate controversy between parties having adverse legal interests. See Dow Jones & Co., 606 F.3d 1338, 1348 (Fed. Cir. 2010); Janssen Pharma., N.V. v. Apotex, Inc., 540 F.3d 1353, 1363 (Fed. Cir. 1999). Indeed, Piramal's Amended Complaint does not assert apprehension of suit as a basis for subject matter jurisdiction in this declaratory judgment action. Nevertheless, Piramal now states, in its opposition brief, that "there is nothing in Novartis' covenant that prevents Novartis from changing its mind and revoking its covenant in order to continue to prevent additional generic competition." (Pl. Br. at 11.) Piramal's suspicion lacks a plausible basis and does not revive its mooted declaratory judgment claim.[3]

In sum, for the reasons set forth above, an actual controversy between Piramal and Novartis as to infringement of the '209 Patent no longer exists. Because the power of the Court under Article III, section 2 of the Constitution extends only to cases or controversies, the Court lacks subject matter jurisdiction to hear this case. Accordingly, Piramal's action for a declaratory judgment of non-infringement must be dismissed.

---

[3] Moreover, Novartis has clarified that "the covenant is irrevocable." (Reply Br. at 5 n.7.)

8

### III.    CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

An appropriate Order will be filed.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER<br>
United States District Judge

Dated:  March 5, 2020